# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

FILED

00 SEP 27 AM 7:42

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

## JUDGMENT IN A CRIMINAL CASE

UNITED STATES OF AMERICA

CASE NO.   3:00-cr-30-J-20A

v.

CEDRICK LAJUN BAILEY

Defendant's Attorney:   Ronald W. Maxwell, Esq. (CJA)

THE DEFENDANT:

X  pleaded guilty to Count One of the Indictment.
_  pleaded nolo contendere to count(s) which was accepted by the court.
_  was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT NUMBER(S) |
|---|---|---|---|
| 21 U.S.C. 846 | Possession with intent to distribute cocaine. | January 2000 | One |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996.

_  The defendant has been found not guilty on count(s)
X  Count Two of the Indictment is dismissed pursuant to the Plea Agreement.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:   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

Defendant's Date of Birth:   April 4, 1974

Defendant's USM No.:   28831-018

Defendant's Mailing Address:   Royal Park Estates, Lot 138, Opelika, AL 36801

Defendant's Residence Address:   Royal Park Estates, Lot 138, Opelika, AL 36801

Date of Imposition of Sentence:   September 26, 2000

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

DATE: September 26, 2000

(✓) COPIES DISTRIBUTED

66

Defendant: CEDRICK LAJUN BAILEY  
Case No.: 3:00-cr-30-J-20A  
Judgment - Page 2 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **78 months**.

___ The court makes the following recommendations to the Bureau of Prisons:

_X_ The defendant is remanded to the custody of the United States Marshal.  
___ The defendant shall surrender to the United States Marshal for this district.

    ___ at ___ a.m./p.m. on ___.  
    ___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    ___ before 2 p.m. on ___.  
    ___ as notified by the United States Marshal.  
    ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

    Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

                                                         _____  
                                                         United States Marshal

                                                   By:_____  
                                                         Deputy Marshal

| | | |
|---|---|---|
| Defendant: | CEDRICK LAJUN BAILEY | Judgment - Page 3 of 7 |
| Case No.: | 3:00-cr-30-J-20A | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C § 921.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall comply with the following standard conditions that have been adopted by this court.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) if this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

| Defendant: | CEDRICK LAJUN BAILEY | Judgment - Page 4 of 7 |
|---|---|---|
| Case No.: | 3:00-cr-30-J-20A | |

## SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

  _   The defendant shall participate in the Home Detention program for a period of __. During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's Probation Officer. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer based on ability to pay (or availability of third party payment) and in conformance with the Probation Office's Sliding Scale for Electronic Monitoring Services.

  X   The defendant shall participate as directed in an in-patient or out-patient program approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Substance Abuse Treatment Services.

  _   The defendant shall participate as directed in a program of mental health treatment approved by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable to by Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

  _   If deported by the Immigration and Naturalization Service, the Defendant shall not re-enter the United States unless allowed to do so legally.

  X   Defendant shall provide the Probation Officer access to any requested financial information.

  _   Defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obligating for any major purchases without approval of the Probation Officer.

  _   Defendant shall perform _ hours of comunity service as directed by the Probation Officer.

| Defendant: | CEDRICK LAJUN BAILEY | Judgment - Page 5 of 7 |
|---|---|---|
| Case No.: | 3:00-cr-30-J-20A | |

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

|  | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | $100.00 | | |

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $.

__ The court has determined that the defendant does not have the ability to pay interest. It is ordered that:

   __ The interest requirement is waived.
   __ The interest requirement is modified as follows:

## RESTITUTION

__  The determination of restitution is deferred until ___. An Amended Judgment in a Criminal Case will be entered after such a determination. The U.S. Attorneys Office is directed to provide the necessary information to the court.

__  The defendant shall make restitution to the following victims in the amounts listed below:

__  Restitution is ordered jointly and severally with:

| **Name of Payee** | **Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| | | | |
| **Totals:** | $ | | |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column above.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. §3664(f)(3)(B), the court orders nominal payments and this is reflected on Sheet 6, Statement of Reasons.

Defendant: CEDRICK LAJUN BAILEY  Judgment - Page 6 of 7
Case No.: 3:00-cr-30-J-20A

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) non-federal restitution; (3) federal restitution; (4) fine principal; (5) costs; (6) interest; (7) penalties.

Payment of the total criminal monetary penalties shall be due as follows:

I. __X__ In full

    A. __X__ due immediately

    B. __ on or before ____

II. __ In installments

    A. __ monthly in installments of $__ over a period of __ months, to commence __ days after date of this judgment.

    B. __ in __ installments of $__ over a period of __ to commence __ days after the date of this judgment.

Any payment ordered under Part II, must comply with 18 U.S.C. §3572, 18 U.S.C. §3664(n), and include a provision under 18 U.S.C. §3664(k) in which defendant must notify the court of any material changes in defendant's economic circumstances. Upon such notice, the court may adjust the installment payment schedule.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. §3664(f)(3)(A):

In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

__ The defendant shall forfeit the defendant's interest in the following property to the United States:

If this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the court.

AO 245 S (REV. 8/96 Locally 9/97) Sheet 6 - Statement of Reasons

Defendant: **Cedrick L. Bailey**  Judgment--Page 7 of 7
Case No.: **3:00-cr-30-J-20A**

## STATEMENT OF REASONS

[X] The court adopts the factual findings and guideline application in the presentence report.

OR

[ ] The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**GUIDELINE RANGE DETERMINED BY THE COURT:**

   Total Offense Level: __31__

   Criminal History Category: __III__

   Imprisonment Range: __135__ to __168__ months

   Supervised Release Range: __5__ years

   Fine Range: __$15,000__ to $ __4,000,000__

   [X] Fine is waived or is below the guideline range, because of the defendant's inability to pay.

   Restitution: $ __n/a__

[ ] The court finds pursuant to 18 U.S.C. § 3664(f)(3)(B) that the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments and is therefore ordering only nominal payments be made.

[ ] Restitution is not ordered because:

   [ ] the defendant was convicted of a qualifying offense under 18 U.S.C. § 3663(a)(1)(A) and the court has considered the factors enumerated in 18 U.S.C. § 3663(a)(1)(B)(i), determining an order of restitution not to be appropriate.

   [ ] the defendant was convicted of qualifying offense under 18 U.S.C. § 3663(a)(1)(A) and court has considered the factors enumerated in 18 U.S.C. § 3663(a)(1)(B)(i); pursuant to 18 U.S.C. § 3663(b)(1)(B)(ii), it has been determined that the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims.

   [ ] the defendant was convicted of qualifying offense under 18 U.S.C. § 3663A(c)(1)(A)(ii) and, pursuant to 18 U.S.C. § 3663A(c)(3)(A), the court finds from facts on the record that the number of identifiable victims is so large as to make restitution impracticable.

   [ ] the defendant was convicted of qualifying offense under 18 U.S.C. § 3663A(c)(1)(A)(ii) and, pursuant to 18 U.S.C. § 3663A(c)(3)(B), the court finds from facts on the record that determining complex issues of fact related to the cause or amount of the victims losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process.

[ ] The sentence is within the guideline range, that range does not exceed 24 months, and the Court finds no reason to depart from the sentence called for by application of the guidelines.

OR

[x] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s): Because there are no factors to warrant a sentence at the top or bottom of the guideline range, the sentence is at the middle of the range.

OR

[ ] The sentence is that required by statute.

The sentence departs from the guideline range

   [X] upon motion of the government, as a result of defendant's substantial assistance.

   [ ] for the following reason(s):